# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR L. STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-cv-0389-MJR |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| CHIEF JUDGE DAVID R. HERNDON, ) | |
| Individually and/or in his official capacity ) | |
| as Chief Judge of the U.S. District Court ) | |
| for the Southern District of Illinois, ) | |
| along with his Clerks, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Background

On May 21, 2009, Arthur L. Stanley filed a complaint for declaratory, injunctive and mandamus relief against the United States of America and Chief Judge David R. Herndon as well as his clerks. The case was originally randomly assigned to Judge Herndon who recused on May 26, 2009. The undersigned Judge was then randomly assigned to the case.

Underlying Stanley's claims is his dissatisfaction with the dismissal of a previous action which he brought against Circuit Judges Richard A. Posner, Ilana D. Rovner and Ann C. Williams; District Judge J. Phil Gilbert; Magistrate Judges Philip M. Frazier and Donald G. Wilkerson; and the judges' clerks. *Stanley v. Posner*, Case No. 09-cv-0223-DRH (S.D. Ill.). Judge Herndon denied Stanley leave to proceed *in forma pauperis* and dismissed his action with prejudice because the defendant judges were shielded from civil liability for their judicial actions under the common law doctrine of judicial immunity. He also found that the clerks' actions were "within their jurisdiction."

In the current proceeding, Stanley argues that Judge Herndon and his clerks wrongly dismissed his complaint.[1] He contends that (1) the defendant judges were not immune because their acts conflicted with the superior authority of the Constitution; (2) Judge Herndon's judgment was void because he stated no legal basis for dismissing the mandamus action; (3) the defendant judges acted in their ministerial capacity; and (4) no other sufficient remedy exists. Now before the Court is Stanley's motion to proceed *in forma pauperis* (Doc. 2).

## II. Analysis

By granting a motion for pauper status, a federal court authorizes a lawsuit to proceed without prepayment of fees. ***See* 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement ... of any suit ... without prepayment of fees or security therefor....")**. Before a federal court can grant pauper status, however, it must carefully screen the complaint filed by the *pro se* litigant. Indeed, **28 U.S.C. § 1915(e)(2)** requires federal courts to *dismiss* any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief.

In reviewing Stanley's complaint, the Court bears in mind that it must construe *pro se* complaints liberally. ***Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)**; ***Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).** More specifically, the Court accepts any factual allegations in the complaint as true and draws all reasonable inferences in Stanley's favor. ***See Jogi v. Voges,* 425 F.3d 367, 371 (7th Cir. 2005) (citing *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).**

---

[1] Stanley makes a specific reference to only one clerk - "skp."

Dismissal for failure to state a claim is warranted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accord *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001); *Brown v. Budz,* 398 F.3d 904, 909 (7th Cir. 2005)**. The question is not whether the plaintiff ultimately will prevail in the suit but only whether he is entitled to offer evidence to support his claims. ***Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997).**

Even viewed in this friendly light, Stanley's complaint fails to pass muster under § 1915(e)(2). He has established that he is indigent (*see* Doc. 2), so the Court finds his allegation of poverty to be truthful. However, Stanley has failed to state a claim upon which relief can be granted. Moreover, even though Stanley seeks declaratory, injunctive and mandamus relief in the instant action, he also seeks a determination that Judge Herndon's prior decision was contrary to the Constitution and void. This issue is inextricably tied to the question of whether in the prior action Stanley sought monetary relief against defendants who are immune from such relief.

At least since 1872, the Supreme Court has recognized the common law principle that judges are entitled to absolute immunity from liability for damages when their actions are taken in the exercise of their judicial capacity. ***Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872).** The Supreme Court has held that a judge's act is judicial in nature if "it is a function normally performed by a judge." ***Stump v. Sparkman*, 435 U.S. 349, 362 (1978).** Additionally, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" ***Id.* at 356-57.** Absolute immunity shields a judge from liability "even if his exercise of authority is flawed by the commission of grave procedural errors." ***Id.* at 359.**

Although Stanley brings suit against Judge Herndon both individually and in his official capacity, there are no allegations of any actions taken by Judge Herndon that fall outside the ambit of "judicial" acts. *See Mireles v. Waco*, **502 U.S. 9, 11 (1991) ("whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself,** *i.e.*, **whether it is a function normally performed by a judge, and to the expectations of the parties,** *i.e.* **whether they dealt with the judge in his judicial capacity")(quoting** *Stump v. Sparkman,* **435 U.S. 349, 362 (1978))**. Contrary to Stanley's allegation, only in Judge Herndon's judicial capacity - and not as a ministerial duty - could he order or deny the relief Stanley sought. *John v. Barron,* **897 F.2d 1387, 1392 (7th Cir. 1990) ([A] judge who "renders a decision acts well within his ... judicial capacity.")**. In rendering judgment against Stanley, Judge Herndon acted in his judicial capacity, and even if his decision was incorrect - a matter that this Court need not and shall not determine - there is no evidence that his actions were made in the clear absence of all jurisdiction. Accordingly, Judge Herndon is absolutely immune from liability for damages.

Stanley's claim for injunctive relief fares no better. The doctrine of absolute judicial immunity protects federal judges from injunctive relief as well as money damages. *Bolin v. Story,* **225 F.3d 1234, 1240 (11th Cir. 2000) ("[T]o allow injunctive relief against federal judges would be to permit a 'horizontal appeal' from one district court to another or even 'reverse review' of a ruling of the court of appeals by a district court.")**.

As to Stanley's request for mandamus relief, a writ of mandamus *could* issue from an appellate court to direct a district court to "correct a clear abuse of discretion or the failure to carry out a ministerial task." *Armstrong v. Martin Marietta Corp.,* **138 F.3d 1374, 1385 (11th Cir.),** *cert. denied* **525 U.S. 1019 (1998)**. The writ is "a drastic remedy, that must not be used to regulate the trial court's judgment in matters properly left to its sound discretion...." *Armstrong,* **138 F.3d at**

1386, n. 22 (quoting *In re Estelle,* 516 F.2d 480, 483 (5th Cir. 1975). The writ may issue to aid appellate jurisdiction but not to create judicial inefficiency with piecemeal litigation or for the undesirable result "of making a district judge a litigant." *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa,* 490 U.S. 296, 309 (1989). This Court does not sit as an appellate court to review decisions of another district judge; consequently, this extraordinary remedy cannot issue.

As for Judge Herndon's clerks, Stanley's only allegation is that one clerk ("skp"), along with Judge Herndon, "wrongly dismissed and/or approved the dismissal of Arthur's Amended Complaint...." The Seventh Circuit has noted the importance of absolute immunity in protecting "the judicial process from the harassment and intimidation associated with litigation." *Kincaid v. Vail,* 969 F.2d 594, 601 (7th Cir. 1992) (citing *Burns v. Reed,* 500 U.S. 478, 494 (1991)).

> When, as here, we are dealing with the application of the doctrine [of absolute immunity] to auxiliary judicial personnel, we must remember the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts ... warrants this extension of the doctrine."

*Id.* **(citing** *Scruggs v. Moellering***, 870 F.2d 376, 377 (7th Cir. 1989)).** In *Kincaid*, clerks improperly returned plaintiffs' complaint and filing fee and directed plaintiffs to re-file in another court. *Id.* at 595-96. The Court held that the clerks' actions "were done at judicial direction and therefore are nonmechanical functions integral to the judicial process that are entitled to absolute immunity." *Id.* at 601. In other words, where a clerk's actions are taken pursuant to a Judge's instructions, the clerk is protected from liability under the doctrine of absolute quasi-judicial immunity.

That Judge Herndon's clerk was acting under his direction is clear from the complaint in this case and a review of the record of the underlying case. The clerk has no authority to dismiss

or approve the dismissal of any case. Although the complaint is not explicit, from the record it appears that Stanley's allegation is based on the fact that the clerk entered judgment based on the Court's decision. *See* Doc. 6. In doing so, she performed a "nonmechanical function[] integral to the judicial process" at judicial direction. Consequently, Judge Herndon's clerk is entitled to absolute quasi-judicial immunity as to the allegation that she dismissed or approved the dismissal of Stanley's action.

Lastly, regarding the United States of America, Stanley's complaint fails because (1) he has made no specific allegations against the United States; and (2) the doctrine of sovereign immunity bars his suit. Stanley has made no specific allegations against the United States; he merely lists it in the caption of his complaint. A plaintiff, even one proceeding *pro se,* for whose complaint the Court is required to grant a liberal construction, *see Haines,* 404 U.S. at 520-21, must associate a specific defendant with specific claims in order to put that defendant on notice of the claims brought against it and to allow it to properly answer the complaint. **See Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed.R.Civ.P. 8 if it notifies the defendant of the principal events upon which the claims are based); Brokaw v. Mercer County, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery")**. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. **See Collins v. Kibort, 143 F.3d 331, 334 (7th Cir.1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.")**. Because Stanley has failed to make any specific allegations against the United States, it must be dismissed from this action.

Additionally, under the doctrine of sovereign immunity, "the United States may not

be sued without its consent and ... the existence of consent is a prerequisite for jurisdiction." *Carter v. Social Sec. Field Office,* 2004 WL 609316, *2 (N.D.Ill. 2004) (quoting *United States v. Mitchell,* 463 U.S. 206, 212 (1983). "Absent a clearly expressed waiver, sovereign immunity is a jurisdictional bar to suit against the United States." *Id.* **(citing *Russell v. United States Dep't of the Army,* 191 F.3d 1016, 1019 (9th Cir. 1999)**. "A plaintiff's failure to plead 'a federal law that waives the sovereign immunity of the United States to the cause of action ... mandates the dismissal of the plaintiff's claim.'" *Id.* **(quoting *Macklin v. United States,* 300 F.3d 814, 819 (7th Cir. 2002)**.

Stanley's complaint does not expressly allege that the United States has waived its sovereign immunity in this case. Even analyzed liberally, the complaint refers to no federal statute, nor does it allege any facts which would allow a reasonable inference that the United States has waived its sovereign immunity. Therefore, the Court lacks jurisdiction, and the United States must be dismissed as a Defendant herein.

### III. Conclusion

For all of the above-stated reasons, the Court **DENIES** Stanley's motion to proceed *in forma pauperis* (Doc. 2) and **DISMISSES with prejudice** Stanley's cause of action against the United States of America, Chief Judge David R. Herndon and his clerks. The Court directs that judgment be entered accordingly.

**IT IS SO ORDERED.**

**DATED this 14th day of August, 2009**

                                                     s/Michael J. Reagan
                                                   **MICHAEL J. REAGAN**
                                                   **United States District Judge**